25 F.3d 1038
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Dennis O'Keith BLACKWELL, Plaintiff Appellant,
v.
STATE of North Carolina; Chuck Gentry; Linwood Clayton;
Dennis Cauley; Joel Brewyer; Bruce Ragan,
Defendants Appellees.
 No. 93-7271.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided June 13, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Paul Trevor Sharp, Magistrate Judge. (CA-93-295-1).
 Dennis O'Keith Blackwell, appellant Pro Se.
 Jacob Leonard Safron, Special Deputy Atty. Gen., Raleigh, NC; William C. Morgan, Jr., Michael B. Brough & Associates, Chapel Hill, NC; Allan R. Gitter, Womble, Carlyle, Sandridge & Rice, Winston-Salem, NC, for appellees.
 M.D.N.C.
 DISMISSED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant appeals the district court's order dismissing portions of his 42 U.S.C. Sec. 1983 (1988) complaint. We dismiss the appeal for lack of jurisdiction because the order is not appealable. This Court may exercise jurisdiction only over final orders, 28 U.S.C. Sec. 1291 (1988), and certain interlocutory and collateral orders, 28 U.S.C. Sec. 1292 (1988); Fed.R.Civ.P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The order here appealed is neither a final order nor an appealable interlocutory or collateral order.
 
 
 2
 We dismiss the appeal as interlocutory.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 3
 DISMISSED.
 
 
 
 *
 We also deny Appellant's motion for appointment of counsel, motion to amend his complaint, motion to file a supplemental complaint, and motion to add parties. Further, we deny his request for injunctive relief from the on-going state criminal procedures. See Younger v. Harris, 401 U.S. 37 (1971)